In re Hoyt A. FLEMING, Sr., a/k/a H. A. Fleming, Sr., Gus Fleming, Sr.

Thomas J. BUSEY

v.

Hoyt A. FLEMING, Sr., a/k/a H. A. Fleming, Sr., Gus Fleming, Sr.

Bankruptcy No. 80–1190A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 31, 1980.

Jay E. Loeb, Gershon, Ruden, Pindar & Olim, Atlanta, Ga., for appellants/defendants Fleming.

A. Mims Wilkinson, Jr. and John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for appellee Thomas J. Busey.

W. Wheeler Bryan, Atlanta, Ga., for trustee.

## ORDER

RICHARD C. FREEMAN, District Judge.

Hoyt A. Fleming, Sr. (Debtor) instituted this proceeding by filing a voluntary petition for bankruptcy. Objections to Debtor's discharge were filed by plaintiff Thomas J. Busey (Plaintiff) and trustee W. Wheeler Bryan (Trustee) (collectively the Complainants). Debtor's wife Betty T. Fleming and son Hoyt A. Fleming, Jr. (Defendant(s)), named in the complainants' petitions, requested a jury trial of the issues affecting them. Plaintiff moved to consolidate his action with that of the trustee and defendants objected. By order dated June 5, 1980, United States Bankruptcy Judge W. H. Drake, Jr. consolidated the actions and rejected defendants' request for a jury trial.

Defendants' request for leave to appeal was granted by this court, *see* Order of September 20, 1980, and the parties were ordered to address the following issues:

1. Did the bankruptcy court err in denying the applicants' motion for a jury trial on the fraudulent conveyance counts?

2. Did the bankruptcy court err in consolidating the trial of the fraudulent conveyance counts with the objections to discharge because there are no common issues of fact or law?

3. Did the bankruptcy court err in granting the motion to consolidate because the applicants would be prejudiced by testimony on the objections to discharge?

After a careful consideration of these issues, we have concluded that, for the reasons that follow, the order of the bankruptcy court should be affirmed in all respects.

## JURY TRIAL

The right to a trial by jury under the new Bankruptcy Code is governed by 28 U.S.C. § 1480(a) which provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

The legislative history makes it clear that this subsection "continues any current right of litigants in bankruptcy cases, such as plenary actions, to a jury trial." H.R.Rep. No.595, 95th Cong., 1st Sess. 448 (1977), U.S. Cong. & Admin. News 1978, pp. 5787, 6404. Thus, the right to a jury trial under the Bankruptcy Reform Act of 1978 is coextensive with that right as it existed under prior law.

However, due to the limited jurisdiction of bankruptcy courts under prior law, the process of ascertaining whether the right exists in a proceeding under the Code is necessarily different. If the pre-Code analytical process were to be applied under the Code, it would be necessary to determine "whether, under the Bankruptcy Act, the

748

proceeding would have been summary or plenary and then, (2) if plenary, would it have been brought in State of Federal court and then, (3) would there have been a right to a jury trial under applicable state or federal law." 1 *Collier on Bankruptcy* ¶ 3.01(c)(i) (15th ed. 1980). By expanding the jurisdiction of the bankruptcy courts, Congress attempted to abolish the distinction between plenary and summary proceedings and to guarantee that all issues raised by the bankruptcy proceeding would be heard in a federal forum. *See* 28 U.S.C. § 1471(b)–(c); H.R.Rep.No.595, 95th Cong., 1st Sess. 445 (1977). Hence, the first two steps in the above analysis are unnecessary. Further, since federal law governs the availability of jury trial in a federal forum, the sole inquiry now is whether the Seventh Amendment to the United States Constitution provides a right to jury trial on the contested issues.

■ The Seventh Amendment preserves the right to jury trial in actions at law as it existed under the common law at the time the amendment was adopted. It thus has no application to suits in equity or admiralty or to administrative proceedings. *See* 5 *Moore's Federal Practice* ¶ 38.11[2] (2d ed. 1980). Hence, the primary determination which must be made by this court is whether the cause of action sounds in law or equity. The bankruptcy courts act as courts of equity, *see, e. g., Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), is not dispositive of the matter, however, for the right to jury trial "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). The Supreme Court has set forth three factors which may properly be considered in determining whether a particular claim or issue is legal or equitable: "first, the premerger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries." *Id.* at n.10.

In the instant case, defendant Betty T. Fleming demanded a jury trial on all issues raised by the complaint. The bankruptcy court determined that the only colorable claim of a right to a jury trial was made with respect to Count Six of the trustee's Complaint [1] which seeks to recover for the estate certain real and personal property located at 3532 Paces Place, N.W., Unit A–137, in Atlanta, the debtor's principal residence. The bankruptcy court concluded that, while the nature of the equitable relief sought was unclear, the action appeared to be one to set aside a fraudulent conveyance or for an accounting. Since both actions were formerly cognizable in equity, the defendant was not entitled to a jury. Order of Bankruptcy Court dated June 5, 1980 at 6. Defendant contends that the trustee's action is simply one for the recovery and possession of specific property. It is therefore an action at law in which the defendant is entitled to a jury. *See* Brief of Appellants at 2. Contending that defendant has oversimplified and mischaracterized the nature of the action, plaintiff asserts that the trustee seeks to impose a constructive trust on the property, legal title to which was fraudulently vested in the defendant, in favor of the debtor and the estate.

■ The trustee here seeks only the return of certain property allegedly fraudulently removed from the debtor's estate, not a money judgment against the defendant. It seems apparent to this court that, regardless whether the action is viewed as one to set aside a fraudulent conveyance, *Mississippi Mills v. Cohn*, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052 (1893), or one to impose a constructive trust on the property, *Buffum v. Peter Barceloux Co.*, 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140 (1933), this count of the trustee's complaint sounds in equity. Hence, the defendant is not entitled to a jury trial on this issue.

---

1. Defendant Betty Tidwell Fleming was not named in Count One of the trustee's complaint. The only relief sought against the defendant in Counts Two through Seven was a temporary

restraining order barring the receipt or transfer of certain assets. Those orders were granted on December 21, 1979 and converted to temporary injunctions on January 2, 1980.

Defendant Hoyt A. Fleming, Jr. requests a jury trial on Count Seven of the trustee's Complaint which seeks to set aside a conveyance of a yacht from the debtor d/b/a The Buckhead Corporation to the defendant. The trustee requests that the defendant be ordered to account for and reconvey the yacht and that the court grant a judgment against defendant for the value of the yacht. The bankruptcy court concluded that the prayer for a money judgment was incidental to the principal relief sought and that the action was therefore primarily one in equity. Order of Bankruptcy Court dated June 5, 1980 at 4. Defendant contends that he is entitled to a jury trial when the relief sought is possession of the property and a money judgment. Plaintiff asserts that there is clearly no right to a jury trial in an action to set aside a fraudulent conveyance and concludes, with respect to the prayer for a money judgment, that it is "axiomatic that once equity attaches it will give complete relief where warranted." Brief of Thomas J. Busey, Appellee at 3, *citing Williams v. Collier*, 32 F.Supp. 321 (E.D.Pa.1940).

While it is generally well established that an action to set aside a fraudulent conveyance sounds in equity and affords no right to a jury trial, *Mississippi Mills v. Cohn*, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052 (1893), and that an action to recover from the transferee the value of property fraudulently conveyed is at law and carries with it the right to a jury, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), the status of an action seeking both recovery of the property and a money judgment has been less clear. Prior to the Supreme Court's decisions in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), a majority of courts had concluded that a request for equitable relief invokes the jurisdiction of equity and "once the jurisdiction of an equity court attaches, it attaches for all purposes and the court will give complete relief including that ordinarily obtainable only in a court of law." *Williams v. Collier*, 32 F.Supp. at 324. However, the validity of this equitable "clean-up" jurisdiction was thrown in doubt by the Court's holdings in *Beacon Theatres* and *Dairy Queen*. The Court said that

> where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.' That holding, of course, applies whether the trial judge chooses to characterize the legal issues presented, as 'incidental' to equitable issues or not.

*Dairy Queen, Inc. v. Wood*, 369 U.S. at 472–73, 82 S.Ct. at 896–97 (footnotes omitted). Hence, the appropriate inquiry is whether any of the claims could have been brought as an action at law. Generally, claims for money damages, even though joined with requests for equitable relief, are actions at law for purposes of applying the Seventh Amendment. *See* 5 *Moore's Federal Practice* ¶ 38.11[8] (2d ed. 1980).

This court does not believe, however, that the holdings in *Beacon Theatres* and *Dairy Queen* are dispositive of the issue before us. In those cases, legal and equitable claims were presented for which both legal and equitable relief were sought. Here, a money judgment is sought as an alternative remedy on a claim and in a proceeding that is indisputably equitable in nature. *See Slack v. Havens*, 522 F.2d 1091, 1094 and n.4 (9th Cir. 1975). As the Supreme Court has noted, not every award of monetary relief is necessarily "legal" in nature. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). For example, an employer is not entitled to a jury trial when backpay is sought in a Title VII action, 42 U.S.C. § 2000e *et seq.*, because it is an integral part of the equitable remedy of reinstatement. *Slack v. Havens*, 522 F.2d at 1094; *Johnson v. Georgia Highway Express*, 417 F.2d 1122 (5th Cir. 1969). Thus, in considering the right to jury trial in a bankruptcy proceeding, one court concluded

that "monetary relief may flow from an equitable claim without acquiring a legal character." *Towers v. Titus*, 5 B.R. 786, 794–795 (N.D.Cal.1979).

Finally, the Supreme Court has recognized the special nature of bankruptcy proceedings in applying the Seventh Amendment's right to jury trial. In holding that a bankruptcy court had summary jurisdiction to adjudicate and order the return of voidable preferences, the Court said:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their fact triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods.

*Katchen v. Landy*, 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966), *quoting Barton v. Barbour*, 104 U.S. at 133–34. The Court rejected the argument that the *Dairy Queen* doctrine required a jury trial on those issues.

> [P]etitioner's argument would require that in every case where . . . a jury trial is demanded the proceedings on allowance of claims must be suspended and a plenary suit initiated, with all the delay and expense that course would entail. Such a result is not consistent with the equitable purposes of the Bankruptcy Act nor with the rule of *Beacon Theatres* and *Dairy Queen*, which is itself an equitable doctrine. . . .

*Id.* 382 U.S. at 339, 86 S.Ct. at 478. In a subsequent case, the Court noted that "jury trials would 'dismember' the statutory scheme of the Bankruptcy Act," and that Congress had the power to entrust enforcement of statutory rights to an administrative process or specialized court of equity free from the strictures of the Seventh Amendment." *Curtis v. Loether*, 415 U.S. at 195, 94 S.Ct. at 1009.

The trustee here seeks to recover not damages but assets which he alleges are wrongfully withheld from the estate. The money judgment is an integral part of the equitable relief he seeks. Furthermore, the claim itself is equitable in nature. Hence, we conclude that the defendant has no right to a jury trial on this issue.

## CONSOLIDATION

The bankruptcy court found that the alleged fraudulent conveyances concern the same transactions and properties as the objections to discharge and therefore consolidated the actions to avoid unnecessary loss and delay. Order of Bankruptcy Court dated June 5, 1980 at 2, 6. While conceding that the same properties and transactions are involved, defendants contend that different factual issues are raised by the objections to discharge and the fraudulent conveyance counts. Specifically, defendants assert that the trustee has failed to allege the elements necessary for a denial of discharge for fraudulent conduct pursuant to 11 U.S.C. § 727(a)(2).

Bankruptcy Rule 742, incorporating Rule 42, Fed.R.Civ.P., provides that the court may consolidate proceedings when common questions of fact or law are presented. The courts are given broad discretion in deciding when consolidation is desirable. *See Zervos v. S. S. Sam Houston*, 427 F.Supp. 500 (S.D.N.Y.1976). There has been no abuse of discretion in this case. The trustee seeks to recover certain property allegedly fraudulently conveyed to the defendants. Both plaintiff and trustee seek to deny debtor's discharge on the basis, at least in part, of the fraudulent conveyance or concealment of the same property. It is clear that these issues call for resolution of substantially similar fact questions. That additional or different issues may also be presented in the actions will not prevent consolidation. *See National Nut Co. v. Susu Nut Co.*, 61 F.Supp. 86 (N.D.Ill.1945). We therefore conclude that these actions present common issues and were properly consolidated.

Defendants also contend that consolidation is improper because they will be prejudiced by evidence relating to the debtor's conduct. Our conclusions that defendants are not entitled to a jury trial and that the cases present substantially similar fact questions foreclose this contention. We are confident that the bankruptcy court will conduct the consolidated trial in a manner that preserves defendants' right to a fair and impartial hearing.

Accordingly, the June 5, 1980 order of the bankruptcy court is hereby AFFIRMED. The appeals of Betty T. Fleming and H. A. Fleming, Jr. are DISMISSED. This case is REMANDED to the bankruptcy court for further proceedings pursuant to this order.

IT IS SO ORDERED.