717 F.2d 100
 9 Collier Bankr.Cas.2d 573, 10 Bankr.Ct.Dec. 1398,
Bankr. L. Rep. P 69,375
 In re James M. MORRISSEY, Sr. t/d/b/a Energy Unlimited
FRANK, Lawrence G., Trustee in Bankruptcy for Morrissey,
James M., Sr. t/d/b/a Energy Unlimited, Appellant
v.
ARNOLD, Adam A. and Arnold, Catherine.
 No. 83-3052.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6),
 Aug. 8, 1983.
Decided Sept. 15, 1983.
As Amended Oct. 4, 1983.
 
 Lawrence G. Frank, Swartzkopf & Frank, P.C., Harrisburg, Pa., for appellant.
 Loren A. Schrum, Egli, Reilly, Wolfson, Sheffey & Schrum, Lebanon, Pa., for appellees.
 Before ALDISERT and WEIS, Circuit Judges, and RE, Chief Judge.*
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 This appeal presents important substantive questions concerning the power of a trustee in bankruptcy to assume a debtor's executory land sale contract. Before these questions can be addressed, however, we must resolve a jurisdictional issue not raised by either party, to-wit: the ability of a district court, with the parties' consent, to refer to a magistrate the disposition of an appeal from a bankruptcy court order. Because we hold that Congress has precluded a district court from making such a reference, we do not reach the merits of this case. Had we reached the merits, our ability to dispose of this appeal would have been severely hampered by the brevity of the bankruptcy court's opinion. Accordingly, we vacate the judgment entered below and remand with the direction that the district court further remand the proceedings to the bankruptcy court to make findings of fact and conclusions of law adequate for the purposes of subsequent appellate review.
 
 
 2
 This court has jurisdiction under 28 U.S.C. Sec. 1293(b), notwithstanding the parties' characterization of our jurisdiction as falling under 28 U.S.C. Sec. 1291. See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101 n. 3 (3d Cir.1981); Moxley v. Comer (In re Comer), 716 F.2d 168 (3d Cir.1983).[1]I.
 
 
 3
 The facts are not in dispute. Morrissey, the debtor, entered into a land sale contract with Adam and Catherine Arnold for the purchase of 42 acres of farm property. The contract required Morrissey to pay real estate taxes and make monthly installment payments to the sellers. After he encountered financial difficulties Morrissey missed some of these payments. The Arnolds notified Morrissey that they considered him in default on the contract. Morrissey then surrendered the property and filed for voluntary bankruptcy. The bankruptcy court appointed a trustee who then applied to the court to assume the alleged executory contract for the real estate purchase. The bankruptcy judge denied the request, noting that because Morrissey was in default, and because he surrendered the property prior to filing the bankruptcy petition, the land sale agreement was terminated and could be neither revived by the court nor assumed by the trustee. The trustee appealed to the district court where, upon the written consent of the parties, the entire matter was referred to a magistrate under the consensual reference provision of 28 U.S.C. Sec. 636(c)(1).[2] The magistrate affirmed the bankruptcy judge's determination and the trustee appeals once again.
 
 II.
 
 4
 In addressing this jurisdictional question we recognize several basic principles. First, United States district courts are courts of limited jurisdiction and Congress, as allowed by the Constitution, must expressly grant them the power and authority to hear and decide cases. Also, as Professor Charles Alan Wright teaches, "the parties cannot confer on the federal court jurisdiction that has not been vested in the court by the Constitution and Congress." C. Wright, LAW OF FEDERAL COURTS 23 (4th ed. 1983). Moreover, parties cannot waive lack of jurisdiction even by express consent. Jackson v. Ashton, 33 U.S. (8 Pet.) 148, 8 L.Ed. 898 (1834).
 
 
 5
 As set out in the margin, 28 U.S.C. Sec. 636(c)(1) allows a magistrate, upon the consent of the parties, to "conduct any and all proceedings in a jury or nonjury civil matter ... when specially designated to exercise such jurisdiction by the district court or courts he serves."[3] Thus, the jurisdiction of a magistrate to decide a case is not based solely on the consent of the parties, but derives from a proper designation by the district court. Because district court jurisdiction is statutory, its ability to make a proper designation of, and thereby to confer jurisdiction on, a magistrate is also a creature of statute. The critical statutory provision here is 28 U.S.C. Sec. 1334(c). This contains specific provisions for appeals from bankruptcy courts to the district courts. It states that:
 
 
 6
 (a) The district courts for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.
 
 
 7
 (b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.
 
 
 8
 (c) A district court may not refer an appeal under that section to a magistrate or to a special master.
 
 
 9
 Section 1334 was in full force on September 3, 1982 when the bankruptcy appeal was lodged in the district court. See The Bankruptcy Reform Act of 1978, Pub.L. 95-598, Title IV, Sec. 405(c)(2), 92 Stat. 2549, 2685 (1978).[4]
 
 
 10
 On its face, Sec. 1334(c) prohibits a district court from referring a bankruptcy appeal to a magistrate. Although a court may not always interpret a statute according to its seemingly clear and explicit language, see, e.g., United Steelworkers of America v. Weber, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979), in this case we determine that Congress meant exactly what Sec. 1334(c) says. When it enacted the Bankruptcy Reform Act of 1978, Congress placed the full compliment of jurisdiction to hear bankruptcy and related cases in the bankruptcy courts, 28 U.S.C. Sec. 1471, while at the same time it failed to make bankruptcy judges article III judicial officers, 28 U.S.C. Secs. 152, 153. In enacting this jurisdictional scheme, Congress was aware of the potential constitutional problems it was creating. See H.Rep. No. 95-595, 95th Cong., 2d Sess. (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963. Considering this, it would be wholly consistent and logical for Congress to attempt to minimize the larger jurisdictional concerns regarding bankruptcy courts by enacting Sec. 1334(c) and insure that only article III judges would review bankruptcy court decisions. Therefore, we read the unambiguous congressional command contained in Sec. 1334(c) to mean exactly what it says, and we hold that Congress has thereby prohibited a district court from referring a bankruptcy appeal to a magistrate. Thus, the magistrate was without jurisdiction to conduct proceedings in this matter.[5] We notice this jurisdictional defect on our own motion. Mansfield, C. & L.M. Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888), Louisville & N.R.R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).
 
 III.
 A.
 
 11
 Because it will be necessary to remand these proceedings, we deem it essential to furnish certain directions to the district court. First, we note that although this case presented the bankruptcy court with sophisticated questions of Pennsylvania law--questions extensively and admirably addressed by U.S. Magistrate J. Andrew Smyzer--a meaningful appellate review of the bankruptcy court's findings was precluded because they lacked adequate support. The memorandum opinion disallowing the trustee's assumption of the land contract consisted of only three paragraphs which were superficial and incomplete. We are confident that the district court will instruct the bankruptcy court, on remand, to more fully explain its findings of fact, and to support them with adequate references to the evidence and a discussion of the applicable legal precepts. Both the old and new bankruptcy rules command no less.[6]B.
 
 
 12
 One additional point merits our attention: the proper standard of review to be applied by the district court should an appeal ensue from the redetermination of this case by the bankruptcy judge. Following the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and at the urging of the Judicial Conference of the United States, the United States district courts, including the court for the Middle District of Pennsylvania, adopted a model rule, the principal effect of which was to provide a temporary cure for the jurisdictional infirmities that formed the basis of the decision in Northern Pipeline. The model rule, however, also contains certain references to appellate procedure. Specifically, Sec. C5(B) of the Middle District's model rule, adopted at No. Misc. 82-205, provides:
 
 
 13
 In conducting review [of a bankruptcy judge's decision], the district judge may hold a hearing and may receive such evidence as he deems appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.
 
 
 14
 (Emphasis added).
 
 
 15
 The new bankruptcy rules, however, require a different standard of review. Bankruptcy Rule 8013 provides:
 
 
 16
 On an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.
 
 
 17
 Thus, the standard of review of facts required by the bankruptcy rules is the familiar clearly erroneous test, see Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir.1981), and Krasnov v. Dinan, 465 F.2d 1298, 1302-03 (3d Cir.1972), not the essentially de novo standard announced in the model rule.
 
 
 18
 We hold that this conflict must be resolved in favor of the clearly erroneous standard announced in the new bankruptcy rules.[7] First, a statute vests the exclusive power for promulgating rules of bankruptcy in the Supreme Court and the Congress of the United States, 28 U.S.C. Sec. 2075, and not in the United States district courts. Bankruptcy Rule 8013 was promulgated in conformance with this statutory provision. Further, although the new rules quite properly allow each local court to adopt any local rules of practice and procedure it desires, such local rules are clearly subordinate to, and may not be inconsistent with, the national rules. Bankruptcy Rule 9029. Thus, neither the Judicial Conference nor the several district courts of the United States have the authority to propose and enact local bankruptcy rules that conflict with the new bankruptcy rules.
 
 
 19
 Whatever had been the standard of review of a bankruptcy judge's findings of fact in the Middle District of Pennsylvania between December 25, 1982, the effective date of the model rule, and August 1, 1983, the effective date of the new bankruptcy rules, see White Motor Corp. v. Citibank, N.A., 704 F.2d 254 (6th Cir.1983), we hold today that subsequent to August 1, 1983, any local rule governing procedure, as distinguished from jurisdiction, in bankruptcy cases must yield to the bankruptcy rules duly promulgated under the Supreme Court's statutory authority. 28 U.S.C. Sec. 2075. Therefore, to the extent that the model rule and the new bankruptcy rules provide for differing standards of appellate review, the latter must prevail.
 
 IV.
 
 20
 The judgment of the district court will be vacated and the cause remanded for proceedings consistent with the foregoing.
 
 
 
 *
 Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 But cf. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 199-200 (3d Cir.1982) (holding that appeals from district court orders, entered prior to the effective date of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), reviewing interlocutory orders from bankruptcy courts are appealable, inter alia, under Sec. 1291 rather than Sec. 1293)
 
 
 [2]
 Section 636(c)(1) provides:
 (c) Notwithstanding any provision of law to the contrary--
 (1) upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
 
 
 [3]
 The Ninth Circuit has recently held the consensual reference provisions of 28 U.S.C. Sec. 636(c)(1) to be unconstitutional. Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 712 F.2d 1305 (9th Cir.1983). Relying on Northern Pipeline Construction Corp. v. Marathon Pipe Line Corp., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the court reasoned that Congress could not authorize a district court, even with the consent of the parties, to refer the disposition of a case to a magistrate where there was no provision for district court review of the magistrate's determination. Because we hold that the district court below was prohibited by 28 U.S.C. Sec. 1334(c) from making the Sec. 636(c)(1) reference in the first place we need not address the constitutionality of the reference provision. Ashwander v. T.V.A., 297 U.S. 288, 346-48, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring)
 
 
 [4]
 To the extent that the reference prohibition of Sec. 1334(c) conflicts with the declaration in Sec. 636(c) that it has effect "[n]otwithstanding any provision of law to the contrary" we hold that Sec. 1334(c) must control. The prohibition of Sec. 1334(c) was enacted subsequent to the Magistrate's Act and we read it as an attempt by Congress to specifically limit its originally pervasive applicability
 
 
 [5]
 We express no opinion on whether Sec. 1334(c) also prohibits references to magistrates as authorized by 28 U.S.C. Sec. 636(b)
 
 
 [6]
 We note that, as of August 1, 1983, new procedural rules covering both the trial and appeal of bankruptcy cases have become effective. These bankruptcy rules were promulgated under the authority of 28 U.S.C. Sec. 2075:
 The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11.
 Such rules shall not abridge, enlarge, or modify any substantive right.
 Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of 90 days after they have been thus reported.
 We note further that the instant case was a proceeding to recover property and thus would be considered an adversary proceeding under Bankruptcy Rule 7001 (similar in effect to old Rule 701). In such proceedings, new Bankruptcy Rule 7052, incorporating Rule 52, F.R.Civ.P., requires the bankruptcy judge to "find the facts specially and state separately its conclusions of law thereon" (similar in effect to old Rule 752).
 
 
 [7]
 But see 1616 Reminc Ltd. Partnership v. Atchison & Keller, 704 F.2d 1313 (4th Cir.1983), holding the standard of review under previous Bankruptcy Rule 810 unconstitutional where the bankruptcy judge exercised jurisdiction under a traditional state common law action