**In re MARTIN BAKER WELL DRILLING, INC., Debtor.**

**MARTIN BAKER WELL DRILLING, INC. F. Martin Baker, Plaintiffs,**

v.

**James KOULOVATOS Muriel Koulovatos, Defendants.**

**Bankruptcy No. 182–00288.
Adv. No. 183–0022.**

United States Bankruptcy Court, D. Maine.

Jan. 5, 1984.

Robert Keach, Verrill & Dana, Portland, Me., for Martin Baker Well Drilling, Inc.

John Moncure, Topsham, Me., for F. Martin Baker.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendants.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiffs have filed an eleven-count complaint alleging a variety of causes of action, including preferential and fraudulent transfers, conversion, fraud, interference with contractual relationships, breach of fiduciary duty, and defamation. Defendants have filed a six-count counterclaim, and demand a jury trial on all issues. Plaintiffs contend that defendants are not entitled to a jury trial. In the alternative, plaintiffs seek a separate non-jury trial on those counts which the Court determines do not require a jury trial.

The right to a jury trial under the Bankruptcy Code is governed by 28 U.S.C. § 1480(a), which provides:

> (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

*See Whitlock v. Hause,* 694 F.2d 861, 862 (1st Cir.1982).

■ Several courts, in construing section 1480(a), rely upon the legislative history stating that the purpose of the section is to *preserve* under the new Bankruptcy Code the right to jury trial as it existed under the old Bankruptcy Act.[1] Those courts base their analysis upon a characterization of the action as either summary or plenary. *See, e.g., Belfance v. Sizzler Family Steak Houses (In re Portage Associates, Inc.),* 16 B.R. 445, 5 C.B.C.2d 1247 (Bkrtcy.N.D.Ohio 1982); *Zimmerman v. Mozer (In re Mozer),* 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D.Col. 1981). If the action would have been a summary proceeding under the old Act, then generally there would be no right to a jury trial. If it would have been a plenary proceeding under the Act, then the court must determine whether it would have been brought in state or federal court, and then whether there would have been a right to a jury trial under applicable state or federal law. *See* 1 *Collier on Bankruptcy* ¶ 3.01[4][c][i] (15th ed. 1983). This approach runs counter to Congress' basic aim of eliminating the enormous volume of wasteful litigation under the old Act over summary jurisdiction. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 44–46 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The new Bankruptcy Code abolished the distinc-

---

1. *See, e.g.,* H.R.Rep. No. 595, 95th Cong., 1st Sess. 448 (1977), U.S.Code Cong. & Admin. News 1978, p. 6404 ("Subsection (a) continues any current right of litigants in bankruptcy cases, such as plenary actions, to a jury trial.").

tion between summary and plenary proceedings so that actions that formerly had to be tried in state or federal district court can now be tried in the bankruptcy court. *See id.;* H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977). Thus, it is unlikely that Congress intended to abolish the summary/plenary distinction as to jurisdiction, while retaining the same distinction as the basis for determining jury trial rights. Such a construction resurrects the wasteful litigation over summary jurisdiction that Congress intended be laid to rest. Rather, the Court holds that under the Bankruptcy Code, the same right to jury trial exists as exists in other federal courts. *See, e.g., Air Transport Association of America v. PATCO (In re PATCO),* 23 B.R. 271, 9 B.C.D. 1097 (D.D.C.1982); *Interfirst Bank Dallas, N.A. v. Basin Refining, Inc. (In re Basin Refining, Inc.),* 30 B.R. 578, 583, 10 B.C.D. 1000, 1003 (Bkrtcy.N.D.Tx.1983); *Busey v. Fleming (In re Fleming),* 8 B.R. 746, 7 B.C.D. 252, 3 C.B.C.2d 589 (N.D.Ga.1980); *Pinson v. Reynolds (In re First Financial Group of Texas, Inc.),* 11 B.R. 67, 7 B.C.D. 896 (Bkrtcy.S.D.Tx.1981); Levy, *Trial by Jury Under the Bankruptcy Reform Act of 1978,* 12 Conn.L.Rev. 1 (1979).

The right to jury trials in federal courts is governed by the Seventh Amendment, which preserves the right "[i]n suits at common law." U.S. Const. amend. VII; *see Whitlock v. Hause,* 694 F.2d 861, 863 (1st Cir.1982). "[W]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims. The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."

*Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

This is not to say that a jury trial is required on an equitable claim merely because it is combined with a legal claim. Rather, where equitable and legal claims share common issues, the Court cannot *first* determine the equitable claims where to do so might operate by way of res judicata or collateral estoppel to later foreclose a jury's determination of those common issues. *See Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504, 510–11, 79 S.Ct. 948, 956–57, 3 L.Ed.2d 988 (1959). Nor will an equitable claim be magically converted into a legal claim by the mere addition of a claim in the alternative for money damages. *Whitlock v. Hause,* 694 F.2d 861, 865–66 (1st Cir. 1982). With these principles in mind, the Court turns to the complaint and counterclaim in the instant case.

Defendants are entitled to a jury trial on counts IV, V, VI, VII, and IX of the complaint and count I of the counterclaim, which allege traditional actions at common law and seek money damages.[2] As for the remaining claims, the Court finds it unnecessary at this time to determine whether a jury trial will be required.[3]

Plaintiffs seek a separate trial on those counts on which defendants are not entitled to a jury trial as a matter of right, to be held first. Assuming, without deciding, that defendants are entitled to a jury trial solely on the counts noted above, the Court finds that such a procedure would pose the danger that the right to a jury trial on legal issues might be lost through prior determination of equitable claims. *Cf. Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 956–57, 3 L.Ed.2d 988 (1959). This action can most economically be heard at one time. To the extent it may be necessary to avoid confus-

**2.** These counts allege conversion, fraud, misrepresentation, interference with actual and prospective contractual relationships, and defamation.

**3.** Depending upon this Court's disposition of a pending motion to dismiss and the District Court's actions in response to the certification of this order to it for approval, it may become unnecessary for this Court to decide if defendants are entitled to a jury trial on some or all of the remaining counts. Should a decision become necessary, the Court may require supplemental briefs.

ing the jury, the Court may determine the sequence in which the issues shall be tried. The motion for separate trials shall be denied.

■ Having determined that the parties are entitled to a jury trial on some of the issues here involved, the Court must now examine Rule 41, Local Rules of the District Court for the District of Maine. It provides, in part, that a bankruptcy judge "may not conduct . . . jury trials. Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge." Rule 41(d)(1).

In 1982, the United States Supreme Court struck down the Bankruptcy Reform Act's grant of jurisdiction to the Bankruptcy Courts. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In response, the District Court adopted Rule 41 in December, 1982. That rule purports to refer all bankruptcy matters to the bankruptcy judges of the district of Maine, subject to district court supervision. On April 25, 1983, the Supreme Court submitted to the United States Congress proposed rules of bankruptcy procedure adopted by the Supreme Court pursuant to 28 U.S.C. § 2075. Those rules took effect on August 1, 1983, superseding the Bankruptcy Rules previously in effect.

This Court has twice considered the validity of Rule 41 as a whole. The Court struck down Rule 41 as: (1) too broad a delegation of authority to survive in light of *Northern Pipeline;* (2) inconsistent with the Federal Rules of Civil Procedure; and (3) inconsistent with the new Bankruptcy Rules. See *Romeo J. Roy, Inc. v. Northern National Bank (In re Romeo J. Roy, Inc.),* 32 B.R. 240, 10 B.C.D. 1253 (Bkrtcy.D.Me.) *affd.* 32 B.R. 1008, 10 B.C.D. 1392 (D.Me.1983); *In re South Portland Shipyard and Marine Railways Corp.,* 31 B.R. 770, 10 B.C.D. 1012 (Bkrtcy.D.Me.) *affd.* 32 B.R. 1012, 10 B.C.D. 1385 (D.Me.1983).[4] The issue before the Court in those cases was the validity of Rule 41 *in its entirety.* On appeal, the District Court affirmed, holding: (1) that

Rule 41 is inconsistent with Fed.R.Civ.P. 53; and (2) that, with respect to certain proceedings which are only "related to" cases arising under the Bankruptcy Code, Rule 41 is an unconstitutional delegation to the bankruptcy judges of the power to hear those matters. *Romeo J. Roy, Inc.,* 32 B.R. at 1011–12, 10 B.C.D. at 1394–95; *South Portland Shipyard,* 32 B.R. at 1021–23; 10 B.C.D. at 1391–92. Again, the issue before the district court was the validity of Rule 41 *in its entirety. See Romeo J. Roy, Inc.,* 32 B.R. at 1011, 10 B.C.D. at 1394 ("Although the District Court has jurisdiction over this case, Rule 41 is not a valid exercise of that power."); *South Portland Shipyard,* 32 B.R. at 1023; 10 B.C.D. at 1392 ("Rule 41 . . . is an invalid exercise of the District Court's power. . . .").

Both of the District Court's judgments in *Romeo J. Roy, Inc.,* and *South Portland Shipyard* are currently stayed pending appeal. The District Court has held that during the stays Rule 41 remains in effect. Furthermore, the District Court has recently instructed this Court to carry out its duties under Rule 41 until expiration of the stays. *In re Martin Baker Well Drilling, Inc.,* Civ. No. 83–0300P (D.Me. October 4, 1983).

This Court construes the District Court's order as foreclosing any attack upon the validity of the enactment of Rule 41. However, this Court believes itself free to examine specific provisions of Rule 41 in light of the later-enacted Bankruptcy Rules. Such an examination assumes that Rule 41 was properly enacted and originally valid *in toto,* as required by the District Court's order of October 4, 1983. Moreover, the reason why the District Court stayed its judgments in *Romeo J. Roy, Inc.* and *South Portland Shipyard* was to avoid possibly needless docket congestion and disarray in the district court resulting from immobilization of the Bankruptcy Court. Unlike a determination that Rule 41 in its entirety is invalid, a determination that Rule 41's prohibition of jury trials in bankruptcy courts

---

**4.** Appeals to the First Circuit Court of Appeals in both of these cases are currently pending.

has been superseded by the new Bankruptcy Rules will not disrupt the bankruptcy system. Finally, while the effect of the new Bankruptcy Rules upon Rule 41 was an issue before the District Court in *Romeo J. Roy, Inc.,* that Court had no need to decide it in light of its holding.

Bankruptcy Rule 9015, effective August 1, 1983, governs jury trial requests in a bankruptcy case or proceeding. It provides, in part, that on motion or on its own initiative the "court" may determine whether a right to jury trial exists. If not, the "court" may try the issue with an advisory jury. *See* Bankruptcy Rule 9015(b)(3), (e). "Court" is defined in Bankruptcy Rule 9001(2) to include the United States Bankruptcy Court created under 28 U.S.C. § 151. Thus, Rule 41(d)(1)(D), which prohibits jury trials in the bankruptcy court, conflicts with the later-enacted Bankruptcy Rules. *See Nashville City Bank & Trust Co. v. Armstrong (In re River Transportation Co.),* 35 B.R. 556, 558 (Bkrtcy.M.D.Tenn.1983). In case of such a conflict, the new Bankruptcy Rules must prevail. As the Third Circuit Court of Appeals has recently held, "neither the Judicial Conference nor the several district courts of the United States have the authority to propose and enact local bankruptcy rules that conflict with the new bankruptcy rules." *Frank v. Arnold (In re Morrissey),* 717 F.2d 100, 104 (3rd Cir.1983).

Given the proposition that Rule 41 does not offend the holding of *Northern Pipeline* or conflict with the Federal Rules of Civil Procedure, the addition of the power to conduct jury trials would not invalidate the Rule. Federal Rule of Civil Procedure 53 specifically contemplates that non-article III masters may conduct jury trials. "In fact, jury trials have traditionally been permitted by non-article [III] courts. . . ." *Nashville City Bank & Trust Co. v. Armstrong,* 35 B.R. at 560. Thus, the Court can find no reason to resolve the conflict between the Bankruptcy Rules and Rule 41(d)(1)(D) other than in favor of the former. Accordingly, the Court holds that Rule 41(d)(1)(D) is of no effect, and that this Court may conduct jury trials.

Pursuant to Rule 41(e)(2)(A)(ii), the district court shall review an order of this Court if the bankruptcy judge certifies that circumstances require that the order be approved by a district judge. It appears that the trial to be held in this proceeding may take several days. The issues involved in this opinion are at best uncertain. Where they involve a construction of the district court's October 4, 1983 order, it is especially appropriate that the district court review this order.

Under Rule 41(c)(2), the district court on its own motion may withdraw the reference of this proceeding to the bankruptcy court.[5] In addition, Rule 41(e)(2)(B) provides, in essence, for a *de novo* review of the bankruptcy court's judgments.[6] Certification of this order will provide the District Court with an opportunity to withdraw the reference of this proceeding before a jury trial is conducted.[7]

---

**5.** *But see South Portland Shipyard,* 32 B.R. at 1023, 10 B.C.D. at 1392 (District Court may not exercise its jurisdiction to hear bankruptcy matter brought exclusively in the Bankruptcy Court); *Romeo J. Roy, Inc.,* 32 B.R. at 1012, 10 B.C.D. at 1395 (since instant case brought in Bankruptcy Court rather than District Court, District Court may not exercise its jurisdiction and must affirm dismissal of the case).

**6.** *But see Frank v. Arnold (In re Morrissey),* 717 F.2d 100, 104 (3rd Cir.1983) (standard on review of facts in bankruptcy case is clearly erroneous test). While the possibility seems remote, should the District Court conclude (1) that the bankruptcy court may hold jury trials, and (2) that on appeal the parties are entitled to *de novo* review, then the result might be that two jury trials would be held unless the District Court withdraws its reference.

**7.** Given the uncertainty surrounding Rule 41 and the bankruptcy court's jurisdiction, the District Court might conclude that regardless of how it would resolve the issue of jury trials in bankruptcy courts, it would prefer that this jury trial be held in the District Court. Assuming that the District Court has jurisdiction over this adversary proceeding, then it would appear that a jury trial conducted by the District Court would be less vulnerable to reversal on appeal.

Pursuant to Rule 41(e)(3), the district judge shall conduct review as soon as possible if the bankruptcy judge certifies that circumstances require immediate review. In this chapter 11 proceeding, it appears likely that significant delay in determining the issues presented in this adversary may substantially reduce the debtor's chances for a successful reorganization.[8] Therefore, the Court shall certify that circumstances require that its order be immediately reviewed for approval by a district judge.

Enter order.

---

**8.** A primary reason why Congress gave the bankruptcy courts expanded jurisdiction when it enacted the Bankruptcy Reform Act of 1978 was to avoid the danger here present. As the House report states, delays under the old Act often resulted from the need for a matter to proceed to decision in a State Court. H.R.Rep. No. 595, 95th Cong., 1st Sess. 14 (1977) *reprinted in* 2 app. *Collier on Bankruptcy* II–14 (15th ed. 1983). The House report goes on to note that the salutory effect of the changes proposed in the new Code would be to little avail if bankruptcy disputes are required "to fight the judicial logjam" in the District Courts. *Id.* Absent swift action, the result would too often be that "in business reorganization cases, the patient would die on the operating table while diagnosis slowly proceeded." *Id.*