In the Matter of MAJOR TIRE
COMPANY, Debtor.

Thomas P. STAMPS, as Trustee for
Major Tire Company, Plaintiff,

v.

SEXTON BROS. TIRE CO., Defendant.

Bankruptcy No. 83–04051A.

Adv. No. 85–0747A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 22, 1986.

J. Michael Lamberth, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for plaintiff.

Charles W. Smegal, E.T. Hendon, Jr., Decatur, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

Plaintiff-Trustee filed the above-styled adversary complaint seeking to set aside an allegedly preferential transfer (Count I) and seeking the turnover of certain property (Count II). See Plaintiff-Trustee's Amended and Recast Complaint. Plaintiff-Trustee has prayed for the return of the property in question or, in the alternative, the reasonable value of the property. He also demands damages including punitive damages and attorney's fees under Count II. The Complaint is before the Court on Plaintiff-Trustee's Motion to Strike Jury Demand.

The instant motion raises two issues: A) whether Defendant has a statutory right to a jury trial in this proceeding and B) whether Defendant has a constitutional right to a jury trial under the Seventh Amendment. Each will be discussed separately below.

### A. STATUTORY AUTHORITY FOR RIGHT TO JURY TRIAL

Section 1480 of Title 28 of the United States Code was added in 1978 and stated:

Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or

related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

28 U.S.C. § 1480 (1978).

Since there was no statute in effect on September 30, 1979 to provide for a jury trial in a turnover or preference action, § 1480 is not applicable. Furthermore, § 1480 appears to have been repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984. *See Jacobs v. O'Bannon (In re O'Bannon)*, 49 B.R. 763, 766–68 (Bankr.M.D.La.1985).

The only other statutory possibility is 28 U.S.C. § 1411 which was adopted in 1984 to replace § 1480. This section states:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury ·or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

28 U.S.C. § 1411 (1984).

However, this subsection does not apply to cases or proceedings arising in or related to such cases that are pending on the date of enactment, July 10, 1984. Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law No. 98–353, § 122(b). Since the case before this Court was filed in 1983, § 1411 is also not applicable. Therefore, there is no statutory basis for the Defendant's request for a jury trial.

## B. SEVENTH AMENDMENT RIGHT TO JURY TRIAL

■ The Seventh Amendment provides the right to a trial by jury in common law suits.* The Eleventh Circuit Court of Appeals has held that "common law" means where legal rights are to be ascertained and determined. The Court stated that the Amendment may be construed to embrace all suits which are not of equity and admiralty jurisdiction. *Pettigrew v. Graham (In re Graham)*, 747 F.2d 1383 (11th Cir. 1984). Bankruptcy Courts are essentially courts of equity and their proceedings inherently proceedings in bankruptcy. *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *Ranch House of Orange-Brevard, Inc. v. Gluckstern (In re Ranch House of Orange-Brevard, Inc.)*, 773 F.2d 1166, 1169 (11th Cir. 1985). However, whether a party is entitled to a jury trial depends on whether the issue before the Court is legal or equitable. *Pettigrew v. Graham (In re Graham)*, 747 F.2d 1383 (11th Cir.1984).

■ In its brief, Defendant argues that the decision in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) entitles it to a jury trial if it asserted no claim in the Bankruptcy Court and merely awaited a federal plenary action by Plaintiff-Trustee. In *Katchen*, the petitioner, a corporate officer, was the accommodation maker on notes of the corporation to two banks. After a serious fire, petitioner made payments on the notes from a corporate trust fund within four months of the bankruptcy of the corporation. The trustee claimed that the payments from the trust fund to the banks were voidable preferences and demanded judgment for the amount of the preferences. It was held that a Bankruptcy Court has summary jurisdiction to order the surrender of voidable preferences asserted and proved by the trustee. *Katchen* does indeed state that "petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee." *Id.* at 336, 86 S.Ct. at 476. However, Defendant overlooks the fact that the Bankruptcy Act of 1978 eliminated the distinction between "summary" and "plenary" jurisdiction. *Busey v. Fleming (In re Fleming)*, 8 B.R. 746 (N.D.Ga.1980). There

---

* The Seventh Amendment to the United States Constitution provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of common law."

may be some argument that the Bankruptcy Amendments and Judgeship Act of 1984 revived the summary/plenary distinction through the "core"/"noncore" provisions of 28 U.S.C. § 157(b). However, the Court finds little merit to this contention. *See In re O'Bannon,* 49 B.R. at 766, n. 5.

Plaintiff-Trustee contends that the transfer and turnover questions are equitable in nature. This Court agrees. Section 157 of Title 28, United States Code gives bankruptcy judges the power to hear and determine all cases under Title 11 and all core proceedings arising under Title 11. Section 157 also lists a sample of core proceedings. The pertinent clauses read "Core proceedings include but are not limited to— ... (F) proceedings to determine, avoid or recover preferences ... (H) proceedings to determine, avoid or recover fraudulent conveyances." Clearly the questions before this Court are core proceedings and thus are equitable in nature.

Defendant contends that legal as well as equitable claims are involved in this action and that it is entitled to a jury trial on all legal claims. Although it cannot be argued that a turnover proceeding is anything but an equitable claim, it has been held that an action to recover the dollar value of property in the possession of the transferee is indeed a legal claim when presented alone. *Lombard-Wall, Inc. v. New York City Housing Development Corp. (In re Lombard-Wall, Inc.),* 48 B.R. 986, 13 B.C.D. 236 (S.D.N.Y.1985). However, here the money judgment is sought as an alternative remedy on a claim and in a proceeding that is indisputably equitable in nature. In *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court found that not every award of monetary relief is necessarily "legal" in nature. Thus, the court in *Busey v. Fleming (In re Fleming),* 8 B.R. 746 (N.D.Ga.1980) found that "monetary relief may flow from an equitable claim without acquiring a legal character." In the case before this Court, as in the *Fleming* case, the alternate demand for a money judgment is an integral part of the equitable relief sought by Plaintiff-Trustee. Therefore, such demand does not acquire a legal character but retains the equitable character of the underlying proceeding.

Plaintiff-Trustee is also demanding punitive damages in this case and Defendant argues that it has a right to a jury trial on that issue as well due to its legal nature. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Supreme Court restated:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods.

382 U.S. at 337, 86 S.Ct. at 476 (quoting *Barton v. Barbour,* 104 U.S. (14 Otto) 126, 133–34, 26 L.Ed. 672).

■ Thus, the Supreme Court makes it clear that even though the claim for punitive damages would be a legal issue if presented alone, such a claim does not warrant a jury trial in this case because the claim for punitive damages is incidental to the equitable bankruptcy proceeding. The Supreme Court in *Katchen v. Landy* also discussed an equity court's ability to order relief on this type of claim. "And we have held that equity courts have power to decree *complete relief* and for that purpose may accord what would otherwise be legal remedies." *Id.* at 338, 86 S.Ct. at 477. (emphasis added). Hence, this Court has the power to hear the claim for punitive damages without a jury.

Since all claims presented by Plaintiff-Trustee are of an equitable nature, Defendant has no Seventh Amendment right to a jury trial in this proceeding. Therefore, the Court will grant Plaintiff-Trustee's Motion to Strike Jury Demand.

### ORDER

In accordance with the reasoning above, it is the Order of the Court that Plaintiff-

**308**

Trustee's Motion to Strike Jury Demand be, and the same hereby is, GRANTED.