**In the Matter of Alice E. BROWN, Debtor.**

**Alice E. BROWN, Plaintiff,**

v.

**The CITIZENS AND SOUTHERN NATIONAL BANK, Defendant.**

**Bankruptcy No. 82–04647A.
Adv. No. 82–2927A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 24, 1983.

---

---

## ORDER

WILLIAM L. NORTON, Bankruptcy Judge.

Under consideration in this Adversary Proceeding are two motions on behalf of Defendant, The Citizens and Southern National Bank, to dismiss Plaintiff's Complaint which initiated this Adversary Proceeding. The grounds argued are that under the decision of the Supreme Court of the United States in *Northern Pipeline Construction Company v. Marathon Pipe Line Company, et al.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this non-Article III United States Bankruptcy Judge lacks subject matter jurisdiction over these claims of Plaintiff. Defendant has also moved the court to stay any proposed discovery by Plaintiff until these motions on lack of subject matter jurisdiction have been determined.

The Adversary Proceeding initiated by the Debtor alleges violations of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601, 1640. Such proceeding is a "related" civil proceeding as described in 28 U.S.C. § 1471(b) and (c) as enacted by § 241(a) of the Bankruptcy Reform Act of 1978.

█ This Court lacks any jurisdiction over such proceedings under § 241(a) as a result of the decision of the Supreme Court in *Northern Pipeline, supra.*

The plurality opinion in *Northern Pipeline* declared all of § 241(a) of the Bankruptcy Reform Act of 1978 as an unconstitutional grant of Article III authority, i.e., the "Judicial power of the United States," to non-Article III judges. 102 S.Ct. at 2879–80. The plurality found that § 241(a) enacted a new Chapter 90 to Title 28 U.S.C.

and cited several new sections of Chapter 90 of Title 28, including § 1471. Together these combined to confer Article III "judicial power of the United States" upon non-Article III Bankruptcy Judges.

The concurring opinion of Justice Rehnquist urged that the plurality opinion was too broad in holding all of § 241(a) as an unconditional grant of Article III authority to non-Article III judges. 102 S.Ct. at 2881–82. Justice Rehnquist urged that the decision in *Northern Pipeline* should be limited to the State law questions raised in that adversary proceeding and not be expanded by the plurality's broader holding of unconstitutionality of the overall jurisdictional scheme of the § 241(a) grant. 102 S.Ct. at 2882. However, Justice Rehnquist in conclusion concurred in the decision of the plurality that there was no feasible way to sever the constitutionality of the State law questions from the constitutionality of the package of the § 241(a) grant. 102 S.Ct. at 2882.

The dissenting opinion of Justice White criticized the plurality for its "sweeping invalidation of § 241(a)," that is holding all § 241(a) as unconstitutional. Justice White argued unsuccessfully in his footnote 3 that the decision should reject its "conclusion of non-severability" and adopt a more "contemporary approach to the problem of severability" to salvage and leave as valid that part of the grant of § 241(a) other than State law-common law actions. He quoted: "the invalid [should] be dropped if what is left is fully operative as a law." [Citing *Champlin Refining Co. v. Corp. Com'n of State of Okl.* 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062 (1932)].

Despite Justice White's preference for severability, he acknowledged that the holding comprised of the plurality and concurring opinions went beyond the mere State law-common law action and held all of § 241(a) unconstitutional. Only the Chief Justice in his sole dissent expressed the view that the holding did not necessitate invalidating the congressional scheme set forth in § 241(a). 102 S.Ct. at 2882. The plurality in footnote 40 pointed out that the

Chief Justice misconstrued and limited too narrowly the holding of the plurality.

All Justices, including the Chief Justice, however, concluded that only Congress by legislation could provide a constitutional solution.

Yet, despite the contrary conclusions of perhaps eight Justices that the plurality held all of § 241(a) unconstitutional, the Judicial Conference, led by the lobbying of the Administrative Office, the Emergency Rule, a plethora of Article III judges, the Senate Judiciary Committee, and others have erroneously followed the post-*Northern Pipeline* urgings of the Chief Justice as originally argued in his dissent and rejected in footnote 40 of the plurality.

Insofar as the Judicial Conference Emergency Local Rule is construed to confer any power on this non-Article III judge to exercise any § 241(a) jurisdiction in this proceeding in this case, said Rule is not founded on any valid federal jurisdiction statute and is unconstitutional. The rule cannot restore in a round-about fashion what the Supreme Court has invalidated. This Court finds no basis in the plurality opinion for the holding of the Sixth Circuit in *White Motor Corp.,* 704 F.2d 254, 256–61 (CA 6, 1983), or Fifth Circuit in *Braniff,* 700 F.2d 214 (CA 5, 1983), or other recent Article III judges' holdings that the Supreme Court decision merely invalidated § 1471(c) and left intact the pseudo grant of jurisdiction in § 1471(a) and (b) to the District Court. A review of the plurality and concurring opinions and Justice White's dissenting opinion reveals that all of § 241(a), and not merely one subsection, was held to be unconstitutional. In declaring § 241(a) unconstitutional, neither the plurality, concurring or dissenting opinions mention 28 U.S.C. § 1471. Section § 1471(c) is not specified as unconstitutional and § 1471(a) and (b) are not mentioned as constitutional. Instead, the plurality labeled the § 1471(a) and (b) grant to the District Court as a "facade," i.e., no grant at all, because the statutory scheme clearly shows "all" the Title 11 U.S.C. jurisdiction was "vested" by Congress in the Bankruptcy Court and Bankruptcy Judges.

■ The Judicial Conference Emergency Model Local Rule cannot re-grant to the District Court the § 1471 jurisdiction over bankruptcy proceedings which the Supreme Court found to have been "vested" in the Bankruptcy Judges, and cannot judicially legislate an adjudicatory system using Bankruptcy Judges contrary to the Bankruptcy Reform Act and the Bankruptcy Rules (effective August 1, 1983). The congressional approval and enactment of the Bankruptcy Rules effective August 1, 1983, further complicates the situation and renders inapplicable the several above-referenced Court of Appeals and District Court decisions. These decisions endorsed the Emergency Local Rule as lawfully giving bankruptcy jurisdiction to the District Courts, vaguely stated as conferred by § 1471(a) and (b) *or* § 1334 *or* § 1331. The decisions also approved, without discussion or citation of statutory authority, the delegation of that jurisdiction to independent non-Article III Bankruptcy Judges of another separate Bankruptcy Court.

Surely, the separation of powers doctrine is violated by disregarding this latest bankruptcy adjudicatory procedure legislation of Congress and adopting in its place contrary, non-statutory adjudicatory procedure suggested by the Judicial Conference and the Administrative Office.

The Bankruptcy Rules were promulgated pursuant to 28 U.S.C. § 2075, as amended by § 247 of the Bankruptcy Reform Act. They are consistent with the Reform Act. The Bankruptcy Rules are a comprehensive package of rules "to govern the procedure in cases filed under the Bankruptcy Code" (Preface to Rules). The rules apply to the United States Bankruptcy Courts which the rules presume is the repository, as *Northern Pipeline* held, of the trial jurisdiction over Title 11 U.S.C. cases and proceedings. 102 S.Ct. at 2862, n. 3. On the other hand, the Emergency Local Rule adopted by District Courts is a local rule of procedure to govern cases and proceedings under Title 11 U.S.C. under a contrary assumption that the Dis-

trict Court is the repository of trial jurisdiction over Title 11 cases and proceedings. The Local rule presumes to set up a procedure for processing and adjudicating bankruptcy cases and proceedings different from the procedure mandated by the Bankruptcy Rules. The Local rule presumes District Court authority over the Bankruptcy Court and Bankruptcy Judges, allows District Judges to assign, delegate, and remove Title 11 cases and proceedings, and directs the trial court actions of Bankruptcy Judges contrary to the Reform Act and the new Bankruptcy Rules.

The new package of Bankruptcy Rules most clearly illustrates the illegal collision of the Emergency Rule with existing statutory law. Contrary to the astounding memorandum of the Administrative Office of the United States to the Courts dated August 3, 1983, which proposes that the Emergency Local Rule prevails over the recently congressionally approved Bankruptcy Rules of August 1, 1983, i.e., the "law of the land," Rule 9029 provides that no local rule shall be "inconsistent with" the Bankruptcy Rules. In turn, § 247 of the Reform Act provides that no rule shall be inconsistent with the Reform Act. The new rules also provide for the application of the clearly erroneous standard on appeal of findings of Bankruptcy Judges (R. 8013), and withhold the power to appoint special masters in bankruptcy cases (R. 9031). The Local rule is contrary.

The new rules are written for a separate Bankruptcy Court and independent Bankruptcy Judges, unconnected by structure or authority with the District Court, recognizing the District Court only as an intermediate appellate court. Former Rule 927, quite incomprehensibly, was cited by the Administrative Office memoranda and Circuit Council orders as the basis for District Courts' bankruptcy jurisdiction and/or its power to issue the Emergency Local rule. However, the appropriateness of using Rule 927 as such authority is no longer debatable. Rule 927 is no longer a rule. Rule 9029 supplants rule 927 and provides that "the bankruptcy court may regulate its practice in any manner not inconsistent with these rules." The new rules give no trial authority to the District Court or authority to issue trial rules in Title 11 cases or proceedings; but the rules authorize District Courts to issue only appropriate appellate rules (R. 8018) (See last sentence of Advisory Committee note to Rule 9029).

Thus, the Emergency Rule is foreign and hostile to the new Bankruptcy Rules and Reform Act, and must yield to the structural and procedural statutes comprising the Reform Act and Bankruptcy Rules. The Administrative Office memorandum of August 3, 1983, joins its prior Administrative Office memoranda on the Local rule as pure propaganda intended to influence the rulings of Article III and Bankruptcy Judges in support of the Emergency Local rule as opposed to the mandate to federal judges to follow statutory law and federal jurisdictional principles.

In the face of the new rules, the *Braniff, White Motor, supra,* and other prior Article III decisions have no continuing efficacy at least as far as those decisions approve the legality of the Local rule to establish an adjudicatory procedure under which District Judges delegate jurisdiction and supervise independent Bankruptcy Judges of a separate court.

Finally, in *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 712 F.2d 1305, an August 5, 1983 decision by the Ninth Circuit Court of Appeals, may be material. The decision declared the U.S. Magistrates Act unconstitutional because the Act permits the Magistrates under § 636(c) to conduct trials and enter judgments "on consent," without *de novo* review by a District Court. The Ninth Circuit holds that Article III authority to exercise the judicial power of the United States may not be conferred on non-Article III judges by consent or otherwise. It is noteworthy that in hearings on January 7, 1983, before Senator DeConcini in Washington, D.C., witnesses advocating the Emergency Local rule characterized it as being patterned after the U.S. Magistrates Act rather than FRCP 53 which prohibits standing special

masters and establishes the clearly erroneous standard of review. Representatives of the Ninth Circuit Court of Appeals Staff Counsel's Office as well as representatives of the Administrative Office, District Judge Morrie Sear of Louisiana, and Circuit Court Judge Alvin Rubin participated in support of the rule at that hearing. The Ninth Circuit's decision that U.S. Magistrates' orders in proceedings adjudicated under jurisdiction conferred by consent of the parties pursuant to statute will not pass constitutional muster unless followed by a trial *de novo,* independent consideration, and an order of the Article III judge implicitly suggests the unconstitutionality of the Emergency rule. When a witness before Senator DeConcini referred to District Court trials *de novo* under the Emergency rule, both Judges Sear and Rubin responded that no trials *de novo* were suggested or were expected under the Emergency rule. They stated that such trials were impossible given the non-bankruptcy trial load of the District Courts. In addition, even if *de novo* review is possible under the rule, it seems apparent that the standard of review under the Emergency rule is so vague and indefinite as to make that provision unconstitutional.

For these and the reasons stated in *In re Seven Springs Apartments,* 33 B.R. 458 (Bkrtcy.N.D.Ga.1983), which opinion is adopted, incorporated and made part of this order, this United States Bankruptcy Court concludes that the issues in the within adversary proceeding involve the exercise of the judicial power of the United States which, as held in *Northern Pipeline,* may not be performed by this non-Article III judge. This Court has no constitutional subject matter jurisdiction under § 241(a) of the Bankruptcy Reform Act of 1978 to hear, consider, determine, adjudicate the issues and enter orders in this proceeding involving this federal statute.

On these motions, the Court,

ORDERS Plaintiff's Adversary Proceeding complaint be hereby dismissed for lack of subject matter jurisdiction. This holding thereby renders moot Defendant's motions to stay discovery.