In re ROMEO J. ROY, INC., Debtor.

ROMEO J. ROY, INC., and Modern
Plumbing & Heating, Inc.,
Plaintiffs,

v.

NORTHERN NATIONAL BANK, De-
fendant, Counterclaim Plaintiff and
Counterclaim Defendant,

v.

JIM ROY PLUMBING & HEATING
PRODUCTS, INC., Counterclaim De-
fendant and Counterclaim Plaintiff,

and

L. James Roy and Jacqueline Roy,
Counterclaim Defendants.

Bankruptcy No. CV–83–0264.

United States District Court,
D. Maine.

Sept. 14, 1983.

Stephen G. Morrell, Eaton, Peabody,
Bradford & Veague, Thomas M. Brown,
Bangor, Me., for Romeo J. Roy, Inc. &
Modern Plumbing and Heating, Inc.

Michael S. Haenn, Mitchell & Sterns,
Bangor, Me., for Creditor's Committee.

Gerald F. Petuccelli, Petuccelli, Cohen,
Erler & Cox, Portland, Me., for Northern
Nat. Bank.

James A. Robinson, Logan, Kurr Hamil-
ton & Robinson, Bangor, Me., for James &
Jacqueline Roy.

Harlan J. Choate, Small Business Adm.,
Augusta, Me., for SBA.

Peter W. Greenleaf, Asst. U.S. Trustee,
Portland, Me., for U.S. Trustee.

CARTER, District Judge.

In May 1983 plaintiffs, debtors in two
Chapter 11 proceedings pending in the
Bankruptcy Court, filed a complaint in the
Bankruptcy Court against Northern Na-
tional Bank alleging tortious interference
with debtor Roy's business operations. The
bank at that time was a secured creditor of
the debtors but had not filed a proof of
claim in the bankruptcy proceeding. The
bank counterclaimed against the debtor
seeking enforcement of its rights on a se-
cured note and replevin of collateral or spe-
cific performance of the security agree-
ments. The bank's answer also raised lack
of subject matter jurisdiction as a defense,
and a motion to dismiss on that ground was
filed. The Bankruptcy Court, 32 B.R. 240,
granted the bank's motion to dismiss, reaf-
firming its holding in *In re: South Portland*

*Shipyard and Marine Railways Corp. and Railway Marine Corp.,* 31 B.R. 770 (Bkrtcy. 1983). The Bankruptcy Court apparently accepted Northern National's characterization of the claim against it as "a related matter" in the terminology of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and Rule 41. The Court found that if, contrary to its *South Portland Shipyard* holding, district court jurisdiction did remain under the grant contained in 28 U.S.C.A. § 1334 (1976), that grant was of only summary jurisdiction and could not encompass a plenary proceeding like the instant adversary one.

The Bankruptcy Court also found that even if the district court has jurisdiction over this adversary proceeding, Rule 41 could not delegate that authority to the Bankruptcy Court. In addition to those infirmities of Rule 41 which the Bankruptcy Court had detailed in its *South Portland Shipyard* opinion, the court also found that Rule 41 conflicted fatally with various provisions of the new bankruptcy rules which went into effect on August 1, 1983, after *South Portland Shipyard* had been decided. The Bankruptcy Court stayed its order granting the motion to dismiss and certified it to this court for immediate review under Rule 41(e)(2), (e)(3).[1]

The parties disagree, in the first instance, about the proper characterization of the claim before the court. Plaintiffs, Romeo Roy and Modern Plumbing, contend that their case is not "a related proceeding" within the meaning of Local Rule 41 and that the exercise of jurisdiction over it as a "core matter" by the Bankruptcy Court pursuant to Rule 41 violated no constitutional mandate. Defendant Northern National Bank argues that this suit is a related proceeding very much like the suit brought by Northern Pipeline. The bank asserts, therefore, that there is even more reason for this court to dismiss this action than there is for it to dismiss the core proceeding

in *South Portland Shipyard and Marine Railways Corp. and Railway Marine Corp.,* 32 B.R. 1012 (D.Me.1983). This Court agrees with Northern National's assessment of the character of the claim.

Local Rule 41(d)(3)(A) and (B) provides mandatory *de novo* review except on consent of the parties in related proceedings which are described as follows:

> (3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

It seems clear that under this definition, plaintiff's complaint alleging tortious interference with plaintiff's business is "a related proceeding." In the absence of the bankruptcy proceeding this case must necessarily have been brought in state court. Moreover, plaintiff's claim does not fall into

---

1. The Bankruptcy Court's reliance on Rule 41, which it had just declared invalid, as authority for certification of the jurisdictional question raises the issue whether this case is properly in

the District Court. The same issue was presented and discussed in *In re South Portland Shipyard,* at 1014, n. 1 (1983).

the various possible exceptions to the "related" category, all of which involve the administration of estates legitimately within the bankruptcy jurisdiction of the federal government.

At oral argument plaintiff's counsel argued that all actions *between debtors and creditors* where the debtor has involved the jurisdiction of the Bankruptcy Court should be considered nonrelated or "core proceedings." Counsel raised the objection that since Northern National is a creditor of plaintiff, the bank should not be able to avoid the jurisdiction of the bankruptcy court under Rule 41 by refusing to file a proof of claim. Plaintiff asserts support for his characterization of the claim at issue as a nonrelated one in restrictions to be implied from the language of *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (1983). There the Sixth Circuit stated that "[T]he thrust of the *Northern Pipeline* holding is that peripheral, nontraditional bankruptcy issues such as claims by a bankrupt *against noncreditors* cannot be adjudicated by a non-Art. III judge" (emphasis added). *Id.* at 263. Although *Northern Pipeline* dealt with a claim against a noncreditor, the impermissibility of the Bankruptcy Court's exercise of jurisdiction clearly stems from the nature of the claim rather than from the status of the party-defendant as a noncreditor. Justices Rehnquist and O'Connor, who wished to limit the Court's decision to find impermissible only so much of the grant of jurisdiction to the Bankruptcy Court as enabled the Bankruptcy Court to entertain *Northern's* lawsuit, characterized that lawsuit as one

> seeking damages for breach of contract, misrepresentation, and other counts which are the stuff of the traditional actions at common law tried by the courts at Westminster in 1789 . . . the claims of *Northern* arise entirely under state

law. . . . The lawsuit is before the Bankruptcy Court only because the plaintiff has previously filed a petition for reorganization in that Court.
*Northern Pipeline Construction Company v. Marathon Pipeline, Inc.,* 458 U.S. at 89, 102 S.Ct. at 2881 (Rehnquist, J. and O'Connor, J. concurring).

Since the vote of one of these justices was required for a majority concurrence in the judgment, the thrust of *Northern Pipeline* must be said to be limited to the reading given in the concurring opinion, and that reading deals with *the character of the claims asserted and the relationship of those claims to the bankruptcy proceeding* rather than with the status of the parties as debtors or creditors.[2] Therefore, under *Northern Pipeline* as well as under Rule 41, the instant plaintiff's state law claim for tortious interference with business relations, which is before the Bankruptcy Court because the plaintiff has previously filed a petition for reorganization, is "a related matter."

The issues raised by this case are, then, very similar to but not identical to the ones the Court addressed in *South Portland Shipyard.* First, it must be determined whether the District Court retains jurisdiction over bankruptcy cases after the Supreme Court's decision in *Northern Pipeline.* If so, is Local Rule 41 a valid delegation to the Bankruptcy Court of the power to hear cases that would be termed related proceedings?

As has been discussed more fully in this Court's opinion in *South Portland Shipyard,* the Supreme Court's decision in *Northern Pipeline* found unconstitutional only the grant of jurisdiction to the Bankruptcy Courts under 28 U.S.C.A. § 1471(c) (Supp. 1983). That decision neither addressed nor affected the grant of bankruptcy jurisdic-

---

**2.** At oral argument, plaintiff called the Court's attention to footnote 36 of the *Northern Pipeline* decision which says that the manner in which the rights of debtors and creditors are adjusted are matters of federal law. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. at 84, n. 36, 102 S.Ct. at 2878 n. 36. Although that is true in respect to

dealing with the administration of the estate, plaintiff's claim clearly fits into the description of *Northern Pipeline*'s claim in that it "involves a right created by *state* law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court," *Id.* at 84, 102 S.Ct. at 2878 (emphasis added).

tion to the District Courts contained in Section 1471(a) and (b). 28 U.S.C.A. § 1471(a) and (b) (Supp.1983). *See In re South Portland Shipyard and Marine Railways Corp. and Railway Marine Corp.,* 32 B.R. 1012. Therefore, the District Court has jurisdiction to hear "all cases under Title 11," 28 U.S.C.A. 1471(a), and "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C.A. § 1471(b).

Although the District Court has jurisdiction over this case, Rule 41 is not a valid exercise of that power. As the Supreme Court in *Northern Pipeline* made clear, "Art. III bars Congress from establishing legislative courts to exercise jurisdiction over all matters related to those arising under the bankruptcy laws." 458 U.S. at 76, 102 S.Ct. at 2874. In effect Rule 41 does exactly what the Constitution bars Congress from doing. It establishes a system whereby Bankruptcy Judges adjudicate related proceedings in the first instance and sometimes, upon consent of the parties, in the last instance. Rule 41(c) and (d) *See, In re Seven Springs Apartments,* 33 B.R. 458, 10 B.C.D. 634, 662, 663 (Bkrtcy.N.D. Ga.1983). The courts are no more immune to the edicts of the Constitution than is the Congress. The routine, *ex parte* reference by the District Courts to the Bankruptcy Courts of related proceedings in bankruptcy under Rule 41 is an unconstitutional abdication of the judicial function.[3]

The Constitution is the paramount law of the land. It binds the Judicial Branch just as stringently and as surely as it does the Legislative or Executive Branches of the Government. The clear mandate of *Northern Pipeline* is that Art. III of the Constitution bars, at the very least, *compelled* submission of "related matters" arising under state law to non-Art. III courts, including adjunct tribunals of the Judicial Branch. The bar applies, whether those adjunct tribunals be Bankruptcy Courts, referees, special masters or magistrates, *because* they are not vested with Art. III judicial attributes. That bar, in addition to guaranteeing individual rights, exists to preserve the most fundamental attributes of the institutional integrity of the Judicial Branch and of the general Government under the doctrine of separation of powers. *See Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 712 F.2d 1305 (9th Cir. 1983). The force of that constitutional proscription derives from the blood and bone of the constitutional *corpus,* and it cannot be made to be dependent for its vitality upon the identity of the Branch of the Government which seeks to circumvent it.

In the face of so vital a constitutional principle, as articulated by *Northern Pipeline,* no consideration or discussion need be given to the question whether a constituent part of the Judicial Branch has congressionally conferred authority to promulgate a rule that would occasion the adjudication of

---

**3.** Plaintiffs contend that Rule 41 carefully limits the exercise of bankruptcy jurisdiction over related proceedings, taking care not to allow the Bankruptcy Judges to make the final decision. However, the "restructuring of the Bankruptcy Act of 1978 to conform to the requirements of Art. III in the way that will best effectuate the legislative purpose" was specifically left to the Congress by the Supreme Court in *Northern Pipeline,* 458 U.S. at 87 n. 40, 102 S.Ct. at 2880 n. 40.

Moreover, it is far from clear that the limitations imposed by Rule 41 could save it, even were such restructuring permitted to the District Courts. Relying on *Northern Pipeline* and citing the importance of Art. III values to the judicial system as well as to the individual, the Ninth Circuit recently struck down 28 U.S.C.A. § 636(c) (Supp.1983), which empowers magistrates, with consent of the parties, to conduct

any or all proceedings in a jury or nonjury civil case and order the entry of judgment. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 712 F.2d 1305 (9th Cir.1983). The Ninth Circuit did not consider the consent of the parties to entry of final judgment by the magistrate to be a saving factor because that consent addressed only *the individual's* due process rights and not the institutional values which Art. III was also designed to serve. *Id.* at 1311.

Also, the limiting provisions have been a practical failure. The Court must take judicial notice that motions for withdrawal of the reference to the Bankruptcy Court in this district are routinely denied *ex parte.* Northern National Bank made two motions under Rule 41(c)(2) to withdraw the reference of this case to the Bankruptcy Court. Both were denied without hearing.

related matters in violation of that principle.[4] The very grant of such authority, if it were conferred by the Congress, would itself violate the constitutional principle.

Further, no legitimate basis exists to assert that the Judicial Branch itself possesses any *inherent* authority to violate with deliberation, coldness and precision the clear command of the Constitution as articulated by the United States Supreme Court. To the contrary, unflinching obedience to the Constitution is the clear mission and the first duty of the Judicial Branch as a whole. Those lesser entities that exist as constituent parts of the Judicial Branch cannot exercise powers that are beyond the powers of the greater entity. Thus, those lesser entities, be they any of the various courts or the conferences or councils of those courts, cannot accomplish by administrative *fiat* based upon inherent authority, that end which under *Northern Pipeline* the Congress cannot achieve without violation of the Constitution. The legitimate power of the constituent part cannot rise above that of the whole.

Although the District Court has jurisdiction over related matters in bankruptcy, the attempt to delegate by Rule 41 the power to hear those cases is both statutorily and constitutionally invalid. Since the instant case was brought in the Bankruptcy Court rather than the District Court, this Court may not exercise its jurisdiction under 28 U.S.C.A. § 1471(b) and must affirm the dismissal of the case.[5]

The judgment of the Bankruptcy Court is AFFIRMED.

So ORDERED.

---

**4.** The promulgation infirmities of Rule 41 were discussed at length in *In re South Portland Shipyard and Marine Railways Corp.*, 32 B.R. 1012 at 1018–1023. That case, in contrast to the instant one, concerned a core matter.

**5.** The Court is mindful of the concern expressed by counsel that its ruling in this case might leave in doubt the validity of prior orders and dispositions entered by the Bankruptcy Court pursuant to Rule 41. The question of the retroactive effect of today's ruling is not before the Court, however, and sound principles of judicial restraint mandate that that issue be left in abeyance until it is raised by an appropriate case.