HATCHETT, Circuit Judge:
This appeal challenges the bankruptcy subject matter jurisdiction of the district courts and the power of district courts to refer bankruptcy matters to bankruptcy courts in the aftermath of Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The district court concluded that it retained bankruptcy subject matter jurisdiction after Northern Pipeline, and that its emergency local rule was a constitutional means of delegating that authority to the bankruptcy court. We affirm.
FACTS AND PROCEDURAL HISTORY
On August 9, 1983, appellee, the Committee of Unsecured Creditors of F S Communications Corporation (Committee), filed a complaint in the Bankruptcy Court for the Northern District of Georgia seeking to avoid and recover a preferential transfer which the debtor, F S Communications Corporation, allegedly made to appellant, Hyatt Greenville Corporation (Hyatt). On September 9, 1983, Hyatt moved the bankruptcy court to dismiss the action for lack of subject matter jurisdiction.
In its opinion and order dated December 14, 1983, the bankruptcy court concluded that under Northern Pipeline, it lacked jurisdiction to hear the action, and that the emergency local rule conferring jurisdiction upon it was unconstitutional. In reaching this conclusion, the bankruptcy court interpreted Northern Pipeline as holding 28 U.S.C.A. § 1471 (West Supp.1984) unconstitutional in its entirety.[1]
On appeal to the district court, the Committee raised three issues: (1) whether the bankruptcy court had subject matter jurisdiction over the action; (2) whether the district court had subject matter jurisdiction over the action pursuant to 28 U.S.C.A. §§ 1331, 1334 (West Supp.1984), and/or 1471(a) and (b); and (3) whether the emergency local rule authorizing the district court’s referral of the action to the bankruptcy court was constitutional.
*1196 Relying primarily upon In re Seven Springs Apartments, Phase II, 34 B.R. 987 (Bankr.N.D.Ga.1983), the district court concluded that district courts retained subject matter jurisdiction over bankruptcy cases after Northern Pipeline and that the emergency local rule was a constitutionally permissible means of delegating bankruptcy cases to the bankruptcy courts.
Hyatt appeals seeking reversal of the district court’s remand of the action to the bankruptcy court.
DISCUSSION
A. Bankruptcy Subject Matter Jurisdiction
Hyatt argues that Northern Pipeline struck down 28 U.S.C.A. § 1471 in its entirety.[2]
In 1978, Congress enacted a comprehensive revision of the bankruptcy laws, the Bankruptcy Reform Act of 1978 (the Act).[3] The jurisdictional provision of the Act is found at section 241(a), 28 U.S.C.A. § 1471. Section 1471(b) vests in the district courts “original but not exclusive” jurisdiction over “all civil proceedings arising under title 11 [the bankruptcy title] or arising in or related to cases under title 11.” 28 U.S.C.A. § 1471(b). The “ultimate repositories]” of the Act’s broad jurisdictional grant, however, were the bankruptcy courts, Northern Pipeline, 458 U.S. at 54 n. 3, 102 S.Ct. at 2862 n. 3:
The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
28 U.S.C.A. § 1471(c).
In Northern Pipeline the Supreme Court was presented with the question of “whether the assignment by Congress to bankruptcy judges of the jurisdiction granted in 28 U.S.C. § 1471” violated article III of the Constitution. 458 U.S. at 53, 102 S.Ct. at 2862 (emphasis added). Specifically, the Court was concerned that section 1471 conferred upon bankruptcy courts jurisdiction over “all” civil proceedings arising under the bankruptcy code and jurisdiction over issues merely “related to” bankruptcy proceedings.[4]
The Court concluded that this all-encompassing grant of jurisdiction to bankruptcy courts, coupled with the broad supervisory powers conferred upon bankruptcy courts by the Act, provided no protection against the “broad legislative discretion that could effectively eviscerate [article Ill’s] constitutional guarantee of an independent” judiciary. 458 U.S. at 74, 102 S.Ct. at 2873.
*1197 Article III operates to preserve the independence of the judiciary by requiring that the judicial power of the United States be exercised by judges having certain clearly prescribed attributes. See 458 U.S. at 59, 102 S.Ct. at 2865. Article III provides:
The Judges both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services a Compensation, which shall not be diminished during their Continuance in Office.
U.S. Const, art. Ill, § 1.
The Bankruptcy Reform Act of 1978 conferred upon bankruptcy courts all the “essential attributes” of article III courts and thereby conferred upon bankruptcy judges the judicial power of the United States. Bankruptcy judges, however, are not article III judges. 458 U.S. at 61, 102 S.Ct. at 2866. Northern Pipeline concluded, therefore, that the grant of jurisdiction to bankruptcy courts found in section 1471 was unconstitutional.
In concurring, Justice Rehnquist emphasized that only so much of the Act as enabled a bankruptcy court to entertain and decide the state law claims at issue violated article III. The dissenting opinions of both Chief Justice Burger and Justice White agreed that the “effective basis,” 458 U.S. at 94 n. 2, 102 S.Ct. at 2883 n. 2 (White, J., dissenting), of the plurality’s decision was “limited,” 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting), to the proposition that, absent the consent of the parties, a “traditional” state common-law action cannot be heard by a non-article III court, 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting).
As the Chief Justice acknowledged:
This limited holding, of course, does not suggest that there is something inherently unconstitutional about the new bankruptcy courts; nor does it preclude such courts from adjudicating all but a relatively narrow category of claims ‘arising under’ or ‘arising in or related to cases under’ the Bankruptcy Act.
458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting).
The grant of authority to bankruptcy courts to adjudicate state law claims could not be severed from the remaining grant of authority to the bankruptcy courts. The plurality concluded, therefore, that the entire jurisdictional grant to the bankruptcy courts was unconstitutional. 458 U.S. at 91-92, 102 S.Ct. at 2881-2882 (Rehnquist, J., concurring).
Only subsection (c) of section 1471 “impermissibly removed, most if not all, of ‘the essential attributes of the judicial power’ from the article III district court[s], and vested those attributes in non-article III adjuncts.” 458 U.S. at 87, 102 S.Ct. at 2880. Only subsection (c) of section 1471 “removed” jurisdiction over state law matters merely “related to” bankruptcy proceedings from article III district judges and “assigned” that jurisdiction to non-article III bankruptcy judges.
District courts are article III courts. The grant of bankruptcy subject matter jurisdiction to the district courts under subsections (a) and (b) of section 1471 in no way threatens the constitutional guarantee of an independent judiciary.
Furthermore, Hyatt’s position that Northern Pipeline invalidated section 1471 in its entirety is untenable from a practicable standpoint. If Northern Pipeline had obliterated the bankruptcy subject matter jurisdiction of both the bankruptcy courts and the district courts, bankruptcy litigants would have had no forum in which to seek redress of their federally-created statutory rights. Clearly, the Supreme Court could not have intended such a result.
Hyatt makes a final argument that if the Supreme Court had intended to leave intact the bankruptcy subject matter jurisdiction of the district courts, it would merely have remanded Northern Pipeline to the district court, rather than staying its judgment to afford Congress an opportunity to rectify the situation. While this argument has some appeal, we conclude that the Supreme Court stayed its judgment in Northern Pipeline and expressly invited Congress to act on this issue merely to provide *1198 an impetus for Congress to act quickly. This disposition of the case did not reflect upon the Court’s understanding of the bankruptcy subject matter jurisdiction of the district courts.
We hold, therefore, that Northern Pipeline rendered unconstitutional only subsection (c) of section 1471 and left intact the bankruptcy subject matter jurisdiction of the district courts.
The district court had jurisdiction over this action under 28 U.S.C.A. §§ 1471(a) and (b). Therefore, we do not address the issues of whether bankruptcy subject matter jurisdiction is conferred upon district courts by 28 U.S.C.A. §§ 1331 and 1334.
B. The Emergency Local Rule
Hyatt argues that even assuming that the district court retained bankruptcy subject matter jurisdiction after Northern Pipeline, the emergency local rule by which the district court remanded the action to the bankruptcy court is unconstitutional.[5]
In the aftermath of Northern Pipeline the Judicial Conference of the United States promulgated a model emergency rule which established procedures for adjudicating bankruptcy cases pending action by Congress.[6] The Judicial Council of the Eleventh Circuit adopted the model emergency rule pursuant to its authority under 28 U.S.C.A. § 332(d)(1) (West Supp.1984).[7] Then the District Court for the Northern District of Georgia adopted the emergency rule pursuant to 28 U.S.C.A. § 332(d)(2) and Fed.R.Civ.P. 83.[8] See White Motor Corp. v. Citibank, N.A., 704 F.2d 254, 262 (6th Cir.1983).
The1 rule is, by its terms, a temporary measure enacted in response to Northern Pipeline. The rule is carefully circumscribed to meet the concern of Northern Pipeline that bankruptcy judges not exercise article III powers. While all bankruptcy cases are automatically referred to bankruptcy judges, “[tjhe reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party.” Emergency Local Rule, subsection (c)(2). Where a matter is once referred to a bankruptcy judge and the reference is withdrawn, it may again be referred to the bankruptcy judge. In such instances, however, the district court must include specific instructions as to the powers and functions the bankruptcy judge may exercise. Id.
At subsection (d)(3)(A), the rule carefully defines “related proceedings.” The rule protects against bankruptcy judges exercising article III powers by prohibiting bankruptcy judges from entering judgments or dispositive orders, in “related proceedings,” except upon the consent of the parties. Emergency Local Rule, subsection (d)(3)(B). Even in those instances where the parties consent to the bankruptcy judge entering an order or judgment, the parties may still raise the issue as to whether the case involves “related proceedings” on appeal to the district court. Emergency Local Rule, subsection (e)(4).
The rule includes other safeguards against bankruptcy courts exercising the “essential attributes” of article III courts. For example, bankruptcy judges may not conduct jury trials. Emergency Local Rule, subsection (d)(1)(D). Furthermore, a *1199 bankruptcy judge’s findings of fact are no longer subject to the deferential “clearly erroneous” standard of review. Emergency Local Rule, subsection (e)(2)(B).
The rule permits district courts to retain control over bankruptcy matters sufficient to avoid bankruptcy courts exercising the “essential attributes” of article III courts. See Northern Pipeline, 458 U.S. at 78-79, 102 S.Ct. at 2875-2876. We hold, therefore, that the rule is constitutional.
In concluding, we note that unlike Northern Pipeline, this case does not involve an issue merely “related to” bankruptcy proceedings. This case concerns an alleged preferential transfer and as such involves federally-created rights. This is a bankruptcy proceeding of the type traditionally adjudicated by non-article III bankruptcy courts.
AFFIRMED.
Appendix A
IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION
In re: JURISDICTION OF UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA
ORDER
The following is hereby adopted as an amendment to the rules of this Court:
(a) Emergency Resolution
The purpose of this rule is to supplement existing law and rules in respect to the authority of the bankruptcy judges of this district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation in response to the Supreme Court’s decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982), or until March 31, 1984, whichever first occurs.
The judges of the district court find that exceptional circumstances exist. These circumstances include: (1) the unanticipated unconstitutionality of the grant of power to bankruptcy judges in section 241(a) of Public Law 95-598; (2) the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the district courts’ assuming the existing bankruptcy caseload on short notice.
Therefore, the orderly conduct of the business of the court requires this referral of bankruptcy cases to the bankruptcy judges. ^
(b) Filing of bankruptcy papers
The bankruptcy court constituted by § 404 of Public Law 95-598 shall continue to be known as the United States Bankruptcy Court of this district. The Clerk of the Bankruptcy Court is hereby designated to maintain all files in bankruptcy cases and adversary proceedings. All papers in cases or proceedings arising under or related to Title 11 shall be filed with the Clerk of the Bankruptcy Court regardless of whether the case or proceeding is before a bankruptcy judge or a judge of the district court, except that a judgment by the district judge shall be filed in accordance with Rule 921 of the Bankruptcy Rules.
(c) Reference to Bankruptcy Judges
(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.
(2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may *1200 exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court’s usual system for assigning civil cases.
(3) Referred cases and proceedings may be transferred in whole or in part between bankruptcy judges within the district without approval of a district judge.
(d) Powers of Bankruptcy Judges
(1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct:
(A) a proceeding to enjoin a court;
(B) a proceeding to punish a criminal contempt—
(i) not committed in the bankruptcy judge’s actual presence; or
(ii) warranting a punishment of imprisonment;
(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge; or
(D) jury trials.
Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge.
(2) Except as provided in (d)(3), orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the bankruptcy judge or a district judge.
(3) (A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.
(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.
(e) District Court Review
(1) A notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order. As modified by sections (e) 2A and B of this rule, the procedures set forth in Part VIII of the Bankruptcy Rules apply to appeals of bankruptcy judges’ judgments and orders and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges. Modification by the district judge or the bankruptcy judge of time for appeal is governed by Rule 802 of the Bankruptcy Rules.
(2) (A) A district judge shall review:
(i) an order or judgment entered under paragraph (d)(2) if a timely notice of appeal has been filed or if a timely application for leave to appeal has been granted;
(ii) an order or judgment entered under paragraph (d)(2) if the bankruptcy *1201 judge certifies that circumstances require that the order or judgment be approved by a district judge, whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed; and
(iii) a proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed.
(B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.
(3) When the bankruptcy judge certifies that circumstances require immediate review by a district judge of any matter subject to review under paragraph (d)(2), the district judge shall review the matter and enter an order or judgment as soon as possible.
(4) It shall be the burden of the parties to raise the issue of whether any proceeding is a related proceeding prior to the time of the entry of the order of judgment of the district judge after review.
(f) Local Rules
In proceedings before a bankruptcy judge, the local rules of the bankruptcy court shall apply. In proceedings before a judge of the district court, the local rules of the district court shall apply.
(g) Bankruptcy Rules and Title IV of Public Law 95-598
Courts of bankruptcy and procedure in bankruptcy shall continue to be governed by Title IV of Public Law 95-598 as amended and by the bankruptcy rules prescribed by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075 and limited by SEC. 405(d) of the Act, to the extent that such Title and Rules are not inconsistent with the holding of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982).
(h) Effective Date and Pending Cases
This rule shall become effective December 25, 1982, and shall apply to all bankruptcy cases and proceedings not governed by the Bankruptcy Act of 1898 as amended, and filed on or after October 1, 1979, unless a stay is granted by the Supreme Court in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., et ah, supra in which event the effective date of this rule shall be the first day after the lifting of the stay in Marathon Pipeline Co., supra. Any bankruptcy matters pending before a bankruptcy judge on December 25, 1982, or any other effective date of this rule, shall be deemed referred to that judge.
This rule repeals Local Rule Re: Jurisdiction Of United States Bankruptcy Court, Northern District Of Georgia, adopted by this Court on September 30, 1982.
IT IS SO ORDERED this 17th day of December, 1982.
/s/ Charles A. Moye, Jr.
CHARLES A. MOYE, JR. CHIEF UNITED STATES DISTRICT JUDGE
/s/ William C. O'Kelley
WILLIAM C. O’KELLEY UNITED STATES DISTRICT JUDGE
/s/ Richard C. Freeman
RICHARD C. FREEMAN UNITED STATES DISTRICT JUDGE
/s/ Harold L. Murphy
HAROLD L. MURPHY UNITED STATES DISTRICT JUDGE
/s/ Marvin H. Shoob
MARVIN H. SHOOB UNITED STATES DISTRICT JUDGE
/s/ Robert L. Vining
ROBERT L. VINING UNITED STATES DISTRICT JUDGE
/s/ G. Ernest Tidwell
G. ERNEST TIDWELL UNITED STATES DISTRICT JUDGE
/s/ Orinda D. Evans
ORINDA D. EVANS UNITED STATES DISTRICT JUDGE
*1202 /s/ Robert H. Hall
ROBERT H. HALL UNITED STATES DISTRICT JUDGE
/s/ Horace T. Ward
HORACE T. WARD UNITED STATES DISTRICT COURT
/s/ J. Owen Forrester
J. OWEN FORRESTER UNITED STATES DISTRICT JUDGE

. The bankruptcy court also relied upon, and incorporated into its opinion by reference, the decisions of In re Seven Springs Apartments Phase II, 33 B.R. 458 (Bankr.N.D.Ga.1983); In re Clifford D. Henry and Henry G. Kalb, Jr., 38 B.R. 24 (Bankr.N.D.Ga.1983); and Brown v. C & S Bank, 32 B.R. 590 (Bankr.N.D.Ga.1983). The first two of these decisions were reversed on appeal. See In re Seven Springs Apartments, Phase II, 34 B.R. 987 (Bankr.N.D.Ga.1983); In re Clifford D. Henry and Henry G. Kalb, Jr., No. C83-1754A (Bankr.N.D.Ga. Dec. 2, 1983).

. Title 28 U.S.C.A. § 1471 provides:
(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise. (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

. The Act did not take full effect until April, 1984. In the transition period between the enactment of the statute and its effective date, bankruptcy referees served as bankruptcy judges and were empowered to exercise essentially all of the jurisdiction and powers created by the Act. Bankruptcy Reform Act of 1978, Title II, § 201, 97 Stat. 1081 (1983); Northern Pipeline, 458 U.S. at 56, 102 S.Ct. at 2863. Thus, even though this action was commenced before the effective date of the Act, it is, nevertheless, governed by the Act. See, e.g., Northern Pipeline, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598.

. The cases before the Court in Northern Pipeline were state law damage actions for breach of contract and misrepresentation.

. A copy of the emergency local rule is attached hereto as Appendix A.

. The Judicial Conference acted pursuant to its authority under 28 U.S.C.A. § 331 (West Supp. 1984) to "submit suggestions and recommendations to the various courts to promote uniformity of management procedures and the expeditious conduct of court business.”

. Section 332(d)(1) provides: "Each judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit."

. Section 332(d)(2) provides: "All judicial officers and employees of the circuit shall promptly carry into effect all orders of the judicial council."
Rule 83 provides: “Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules.”